TOMÁS CANO & CO., DEMANDANTE Y APELADA, *v.* ROBLES ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayamá en pleito sobre nulidad.

No. 2814.—Resuelto en diciembre 21, 1923.

DECLARACIÓN DE CONSTRUCCIÓN—INSCRIPCIÓN—COMPRADOR INOCENTE—HIPOTECA—AVISO—EJECUCIÓN—PROCEDIMIENTO DE NULIDAD—IMPEDIMENTO (*Estoppel*).—La mera inscripción de la declaración de construcción en el registro no hacía al apelado un comprador inocente a título oneroso; pero por la inscripción en el registro de la propiedad de la casa y la hipoteca era un aviso interpretativo a todo el mundo de que el apelado tenía un gravamen *prima facie* sobre la casa y un derecho a ejecutarlo contra ella, y el curso apropiado de los apelantes hubiera sido establecer procedimientos en la Corte de Distrito de Guayama para anular el título y la inscripción aparentemente existente en favor del apelado, aunque tales procedimientos sin embargo hubieran sido infructuosos por razón de impedimento (*estoppel*).

PRUEBA—COMUNICACIONES PRIVILEGIADAS—NOTARIO PÚBLICO—ABOGADO—FRAUDE.—Las instrucciones o comunicaciones a un notario no son privilegiadas como en el caso de un abogado, y en un caso en que se hace un cargo de fraude un notario puede ser compelido a declarar, si bien ciertos asuntos como los testamentos cerrados están excluidos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *V. F. Rodríguez Ortiz, C. Domínguez Rubio y F. Navarro Ortiz.*

Abogado de la apelada: Sr. *M. A. Martínez Dávila.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia de la Corte de Distrito de Guayama que declaró nulos varios actos de los apelantes.

El 12 de octubre de 1920 la mercantil Robles y Cía. Su-

cesores, hizo una declaración de obra nueva de una casa situada en la Cidra. El solar donde está construída la casa pertenecía al municipio, y la declaración de obra nueva fué otorgada ante el Notario Miguel Guzmán. Esta declaración fué inscrita en el registro de la propiedad. El mismo día y ante el propio notario fué otorgada la escritura de hipoteca objeto de este pleito. En dicho día el expresado notario realizó varios actos para las distintas partes en este pleito y todos ellos tuvieron lugar en la referida casa. Los apelantes sostienen que la casa en cuestión no pertenecía a la mercantil Robles & Cía., Sucesores, *supra,* sino a Fructuoso Robles.

La prueba tiende a indicar que todas las partes en este pleito tenían completo conocimiento de la declaración de obra nueva hecha por dicha mercantil y que Fructuoso Robles sabía todo lo relativo a la misma, es cosa de la cual no tenemos ninguna duda. Más bien ingenuamente, si no con una intención consciente de defraudar, y mal aconsejado, Fructuoso Robles hizo una declaración de obra nueva de la misma casa, y obtuvo su inscripción en el registro de la propiedad. Al pedírsele al Registrador de la propiedad que certificara la segunda declaración, manifestó que no haría la certificación sin hacer referencia a la inscripción anterior de la casa. Su opinión fué, según en cierta parte reveló la prueba, que la segunda inscripción nunca debió haber sido hecha.

La transcripción revela, los siguientes actos fraudulentos presuntivamente: El día 28 de abril de 1921, Fructuoso Robles, haciendo constar que era dueño de la casa en cuestión, la hipotecó a dos de los apelantes. Se obtuvo la inscripción de la hipoteca así como de la escritura de la declaración de obra nueva. También presuntivamente Fructuoso Robles conocía la actitud del registrador, pero su abogado ciertamente la conocía. Mientras la Corte de Distrito de Guayama se encontraba entonces celebrando sesión pública, dichos dos

apelantes se apresuraron a ir, no a la Corte de Distrito de Guayama sino a la Corte de Distrito de Ponce, donde se estableció un procedimiento hipotecario en la forma de una acción civil ordinaria.  Fructuoso Robles compareció, consintió que se dictara sentencia y renunció su derecho de apelación.  Como una fuerte marca de fraude en el caso, a la hipoteca que se constituyó a favor de dichos dos apelantes sólo se fijó un término de 22 días y había de expirar al mes y veintitrés días antes del vencimiento de la hipoteca de la mercantil demandante.

A falta de una explicación adecuada que no ha de hallarse en los autos, toda la transacción estaba tildada de fraude.  A todas y cada una de las partes en ella, aun suponiendo remotamente una falta de verdadero conocimiento, tan claramente se les dió conocimiento, que la sentencia de la Corte de Distrito de Ponce, así obtenida, era enteramente nula y sin ningún valor.

Convenimos enteramente con los apelantes en que la mera inscripción de una escritura de declaración de obra nueva en el registro de la propiedad no convertía a la apelada en un tercero.  La declaración de obra y la hipoteca de dicha apelada fueron otorgadas al mismo tiempo ante el propio notario, y probablemente presentadas juntas al Registrador.  Sin embargo, lo que sí resolvemos es que la inscripción en el registro de la propiedad de la casa e hipoteca era un aviso entendido por la ley (*constructive notice*) para todo el mundo de que la mercantil apelada tenía un gravamen *prima facie* sobre dicha casa y un derecho que ejecutar en ella.  Como indica la mercantil apelada, el camino adecuado para dichos apelantes, suponiendo que hubiera una reclamación válida, hubiera sido empezar el debido procedimiento ante la Corte de Distrito de Guayama para anular el título e inscripción que al parecer existían en favor de la mercantil apelada.  Creemos, sin embargo, que tal procedimiento hubiera sido infructuoso y

las indicaciones son que así lo creían también todos los ape-
lantes.

Entendemos que tal procedimiento hubiera sido ineficaz
toda vez que Fructuoso Robles por sus actos realizados en
octubre 12 de 1920 estaba completamente impedido de ale-
gar tener ningún título a su favor. Y como él estaba pre-
sente y permitió que surgiera un título en favor de otra per-
sona, cualquiera persona que alegara un título basado en su
derecho o adquirido por él no podía adquirir ningunos de-
rechos, suponiendo siempre que no había surgido ninguna
cuestión de derechos de terceros compradores.

Podemos decir incidentalmente que los acreedores hipo-
tecarios apelantes en este caso en manera alguna eran ter-
ceros. Ellos fueron claramente notificados por razón de la
inscripción anterior de la casa a nombre del deudor hipote-
cario de la mercantil apelada. Además, la prueba tiende a
demostrar que estuvieron presentes al ser otorgada la hi-
poteca a favor de la apelada; que tenían conocimiento de
esto directamente y adquirieron otra garantía hipotecaria
o cuasi hipotecaria de su deudor Robles. Cada uno de los
que tomaron parte en el caso utilizó los servicios de Miguel
Guzmán para actuar a su favor. En 12 de octubre de 1920
hubo una especie de concurso de acreedores en la casa de
Fructuoso Robles. En el piso inferior de esa casa la mer-
cantil Robles Arriaga y Cía, tenía su tienda y asimismo la
tuvieron sus predecesores. Miguel Guzmán declaró de un
modo concluyente al efecto de acreditar que cada uno de los
que estuvieron presentes sabía lo que se estaba realizando.

Fructuoso Robles era miembro de la mercantil de Ro-
bles, Arriaga y Cía., predecesora de Robles, Arriaga y Cía.
Sucesores. El vendió su participación y la segunda mer-
cantil surgió como consecuencia de esto. A estos actos se
les dió forma y fueron otorgados ante el mismo notario Mi-
guel Guzmán en octubre 12 de 1920. También Robles debía

cierta suma de dinero a Arriaga por la cual los apelantes principales eran fiadores. En dicho día 12 de octubre de 1920 Robles otorgó un pagaré hipotecario a sus fiadores sobre una finca de Caguas. La admisión de este documento, como luego veremos, ha sido alegado como error, pero independientemente de su admisión hubo prueba tendente a acreditar el otorgamiento de un documento por Robles, y sus actos en relación con el mismo. Todos estos actos e intervención de Robles hacen más fuerte el conocimiento e impedimento contra él.

La alegación principal de los apelantes era que la casa en cuestión no pertenecía a la mercantil Robles, Arriaga y Cía, sino al propio Robles. En vista de las anteriores consideraciones, no pretenderemos analizar la prueba, pero las indicaciones son que la casa pertenecía a la mercantil en la fecha de la hipoteca a favor de la apelada. Que había pertenecido a la mercantil anterior o mercantiles de Robles, Arriaga y Cía. Sucesores, no parece ser un hecho en disputa. Fue por virtud de la disolución de estas anteriores sociedades que Robles alegaba un traspaso a él mismo. La corte declaró probado este hecho en favor de la mercantil apelada y no encontramos ninguna razón para anular esa conclusión.

Los apelantes trataron de demostrar que el socio gestor de la mercantil apelada, Sr. Mieres, sabía que la casa pertenecía a Robles. La prueba tendió a acreditar lo contrario. Sin embargo, aún cuando él lo supiera, si Robles toleró y permitió el traspaso, especialmente habiendo surgido la hipoteca con motivo de una deuda de la mercantil apelada de la cual él era miembro, dicho Mieres estuvo justificado en creer que Robles estaba consintiendo en que se otorgara la declaración de obra nueva de la casa y por tanto se inscribiera a nombre de Robles, Arriaga y Cia., Sucesores.

La corte no incurrió en error al admitir el llamado pagaré hipotecario que Robles otorgó para proteger a sus fiadores.   Era uno de los elementos de *res gestae* en una serie de circunstancias que rodean este caso y tenían una relación distinta con respecto al fraude de dichos fiadores al pretender alegar un derecho hipotecario diferente.

Otro error que ha sido alegado fué la actuación de la corte al permitir al notario Miguel Guzmán Texidor hablar de las instrucciones dadas por sus clientes, los referidos fiadores, en cuanto al documento a que se acaba de hacer mención.   La teoría de esta objeción fué que tales instrucciones eran comunicaciones privilegiadas.

La corte debió haber explicado a las partes de un modo claro si admitía dicha prueba o no.   En cambio, la corte la admitió a condición de algo que había de hacer la parte contraria, que no sabemos precisamente lo que era.   Examinado todo puede decirse que la prueba fué admitida y considerada por la corte.

Las instrucciones o comunicación a un notario no son privilegiadas.   Un notario se diferencia de un abogado en cuanto a esto.   Aunque no es necesario para la decisión de este caso, tenemos cierta idea de que, en casos especiales como el presente, cuando a un abogado se imputa fraude puede ser obligado a declarar, pero en todo caso puede obligarse a un notario, especialmente, quizás, si ciertos documentos como, por ejemplo, testamentos cerrados, han sido excluídos.   No había ninguna razón para guardar secreto aquí.

Además, la admisión de esta prueba en todo caso tenía tan poca relación con los sucesos principales, que cualquier supuesto error que haya sido cometido al admitir las declaraciones, no era perjudicial.

Los demás errores alegados por los distintos apelantes han sido resueltos en nuestras consideraciones principales.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y. Franco Soto.